995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Dennis WOLFF, Plaintiff-Appellant,
v.
George DEEDS, Warden, et al Defendant-Appellee.
 No. 91-16641.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Ronald D. Wolff appeals pro se from the district court's judgment, following a bench trial, in favor of prison officials in his 42 U.S.C. § 1983 action alleging that the conditions in the Southern Desert Correctional Center (SDCC) protective custody unit violated his constitutional rights.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Wolff contends that the prison conditions at the SDCC violated his right's under the eighth and fourteenth amendments because he was forced to double cell with another inmate and because he had limited opportunity to exercise. These contentions lack merit.
 
 
 4
 We review the district court's legal conclusions de novo and it's findings of fact for clear error. Rozay's Transfer v. Local Freight Driver's local 208, 850 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989).
 
 
 5
 "[T]he Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain.' " Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "This includes not only physical torture, but any punishment incompatible with 'the evolving standards of decency that mark the progress of a maturing society.' " Hoptowit, 682 F.2d at 1246 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). In analyzing an eighth amendment claim a court must consider discrete areas of basic human needs such as "food, clothing, shelter, sanitation, medical care and personal safety." Id.
 
 
 6
 * Double Celling
 
 
 7
 Double celling in and of itself is not unconstitutional. Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984). Although an eighth amendment violation may not be predicated on a totality of conditions at prison, those conditions may provide a useful context for evaluating the severity of overcrowding. See Hoptowit, 682 F.2d at 1246-47.
 
 
 8
 Here, Wolff contends that he was forced to share a cell with another inmate, thereby subjecting him to cruel and unusual punishment due to the resulting overcrowded conditions at the jail. Wolff does not allege, however, that the double celling led to deprivations of his basic needs such as food, sanitation, or personal safety. Accordingly, Wolff's contention does not establish a basis for an eighth amendment violation. See Hoptowit, 682 F.2d at 1246.
 
 II
 Exercise
 
 9
 Wolff contends that from August 14, 1987 until October 12, 1987 he received no outdoor exercise and only limited indoor exercise in violation of his eighth and fourteenth amendment rights. This contention also lacks merit.
 
 
 10
 The denial of an opportunity for regular outdoor exercise violates the eighth amendment. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir.1982); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979) (confinement of prisoners with almost total absence of outdoor exercise was cruel and unusual punishment). Such recreation, however, can be temporarily denied when prison conditions warrant. Hoptowit, 682 F.2d at 1258. A short-term denial of exercise based on security reasons does not violate the eighth amendment. Hayward v. Procunier, 629 f.2d 599, 603 (9th Cir.1980), cert. denied, 451 U.S. 937 (1981).
 
 
 11
 Here, the record reveals that Wolff was not denied exercise entirely. Wolff had one hour per day of indoor exercise from August 14, 1987 until October 12, 1987. Wolff was denied everyday outdoor exercise for a determinable period of time because of his protective custody status and other institutional security concerns. Accordingly, the district court did not err by finding that the denial of everyday exercise, for a limited period, was not a violation of Wolff's constitutional rights. See Hoptowit, 682 F.2d at 1258; Hayward 629 F.2d at 603.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to have the entire case heard before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1)